# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARRIS GROUP INC.,<br>    Plaintiff,<br><br>vs.<br><br>MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC,<br>    Defendant. | Civil Action No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff ARRIS Group Inc. ("ARRIS") files this Complaint for Declaratory Judgment ("Complaint") against Defendant Mobile Telecommunications Technologies, LLC ("MTel"). ARRIS seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, declaring that neither ARRIS nor the purchasers of its products infringe United States Patent Nos. 5,590,403 (the "'403 Patent"), 5,915,210 (the "'210 Patent") and 5,659,891 (the "'891 Patent") (collectively the "Patents-in-Suit").

## PARTIES

1. Plaintiff ARRIS is a Delaware corporation with its principal place of business at 3871 Lakefield Drive, Suwanee, Georgia 30024.

2. On information and belief, Defendant MTel is a Delaware limited liability company with a purported principal place of business at 1720 Lakepointe Drive, Suite 100, Lewisville, TX 75057. Upon further information and belief, MTel is the wholly-owned subsidiary of United Wireless Holdings, Inc., which also is a Delaware corporation.

## BACKGROUND STATEMENT

3. MTel is a patent assertion entity that, on information and belief, exists solely to monetize patents by, in this case, filing suits against purchasers of ARRIS's 802.11 a, g, n, and

ac standard compliant products for the purpose of seeking licenses and settlements to which MTel should not be entitled. As explained in detail below, rather than filing lawsuits against ARRIS, MTel filed lawsuits against ARRIS's customers.

4. MTel's lawsuits against ARRIS's customers include at least its recently filed suits against Charter Communications Inc. ("Charter"), Bright House Networks, LLC ("Bright House"), Cox Communications, Inc. ("Cox"), and Time Warner Cable Inc., Time Warner Cable Enterprises LLC, and Time Warner Cable Texas LLC (collectively, "TWC"). Copies of the complaints filed against ARRIS's customers Charter, Bright House, Cox and TWC, and the exhibits thereto that identify "Examples of Wi-Fi Enabled CPE," including numerous ARRIS products, are attached as Exhibits 4-7, respectively.

5. MTel's infringement allegations against Charter, Bright House, Cox, and TWC are not customer-specific. Instead, they are directed at the design and operation of the accused 802.11 a, g, n, and ac standard compliant Wi-Fi products offered by ARRIS and others, as reflected by the substantially similar infringement theories alleged in the various complaints against ARRIS's customers.

6. In the complaints, MTel alleges infringement based on these accused infringers' manufacture, use, sale, and offer for sale of customer-premises equipment, such as cable modems, wireless routers, and modem/wireless router gateways, which support IEEE 802.11 a, g, n, or ac standards (what MTel calls the "Wi-Fi Enabled CPE") as well as public Wi-Fi services using wireless access points that support IEEE 802.11 a, g, n, or ac standards (what MTel refers to as "Wi-Fi Enabled Access Points"). Each of the complaints specifically mention ARRIS products as "examples" of the allegedly infringing Wi-Fi Enabled CPE provided by

ARRIS's customers which directly infringe the Patents-in-Suit. *See, e.g.,* Exhibit 4 at Exhibit E; Exhibit 5 at Exhibit E; Exhibit 6 at Exhibit E; Exhibit 7 at Exhibit E.

7. Accordingly, ARRIS brings this Declaratory Judgment action because there is an actual justiciable controversy between it and MTel based on the complaints filed by MTel against ARRIS customers Charter, Bright House, Cox and TWC and because ARRIS has the expectation that MTel may file additional complaints now or in the future against other customers purchasing its IEEE 802.11 a, g, n, or ac compatible products.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over ARRIS's request for a declaratory judgment under 28 U.S.C. §§ 2201 and 2202. This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.*, which are within the subject matter jurisdiction of this Court under 28 U.S.C. §§ 1331 and 1338(a).

9. The cases MTel has filed against ARRIS's customers allege infringement of the Patents-in-Suit by, among other things, the manufacture, use, sale, and offer for sale of Wi-Fi Enabled CPE and Wi-Fi Enabled Access Points. As noted above, the Charter, Bright House, Cox and TWC complaints specifically mention ARRIS products as "examples" of the type of Wi-Fi Enabled CPE provided by Charter, Bright House, Cox and TWC to their customers that alleged infringe the Patents-in-Suit. For example, the TWC complaint identifies "Wi-Fi Enabled CPE" in paragraphs 12-19, 21, 27-29, 38-39, 42-46, 54, 57-60, 68-72, and specifically identifies nine different ARRIS models in "Exhibit E" as "Wi-Fi Enabled CPE." *See* Exhibit 4 at Exhibit E. Thus, the allegations made by MTel in its various filed cases rise to an actual and justiciable controversy between ARRIS and MTel as to the non-infringement of the Patents-in-Suit.

10. MTel's lawsuits and infringement allegations threaten actual and imminent injury to ARRIS that can be redressed by judicial relief and that injury is of sufficient immediacy and

reality to warrant the issuance of a declaratory judgment. Absent a declaration of non-infringement, MTel's continued wrongful assertions of infringement related to the use of ARRIS's products will cause ARRIS harm.

11. MTel is subject to general and specific personal jurisdiction in this judicial district based upon its purposeful, systematic, and continuous contacts with Delaware, including its formation under the laws of Delaware, and maintaining a registered agent in this judicial district.

12. Venue is proper in this Court under 28 U.S.C. § 1391 because MTel resides in this judicial district and because MTel is subject to personal jurisdiction within this judicial district.

## FACTUAL BACKGROUND

13. ARRIS is a global leader in IP, video and broadband technology, and in particular the development of networking equipment including wireless routers and access points. ARRIS's cable modems, wireless routers, and modem/wireless router gateways are purchased by various enterprises, which in turn offer Wi-Fi, or wireless Internet service, to their customers or use it internally in their businesses.

14. Among the wireless routers and access points sold by ARRIS are routers and access points that are certified as complying with one or more of the IEEE 802.11 a, g, n, and ac standard amendments.

15. Upon information and belief, MTel is a non-practicing entity organized for the specific purpose of pursuing infringement lawsuits and improperly shielding the real parties in interest from exposure and liability associated with the lawsuits, such as may result from an imposition of costs or attorneys' fees that may be obtained by the defendants in the lawsuits, and/or to hide prior actions of, or obligations that might be owed by, the real parties in interest. Upon further information and belief, MTel does not commercialize any products or services embodying the Patents-in-Suit.

16. MTel purports to be the owner of the '403 Patent. The '403 Patent is entitled "Method and System for Efficiently Providing Two Way Communication Between a Central Network and Mobile Unit" and issued on December 31, 1996. A copy of the '403 Patent is attached as Exhibit 1.

17. MTel purports to be the owner of the '210 Patent. The '210 Patent is entitled "Method and System for Providing Multicarrier Simulcast Transmission" and issued on June 22, 1999. A copy of the '210 Patent is attached as Exhibit 2.

18. MTel purports to be the owner of the '891 Patent. The '891 Patent is entitled "Multicarrier Techniques in Bandlimited Channels" and issued on August 19, 1997. A copy of the '891 Patent is attached as Exhibit 3.

19. On January 4, 2016, MTel commenced eight patent infringement suits against thirteen defendants in the Eastern District of Texas, including Charter, Bright House, Cox, and TWC, alleging infringement of one or more of the Patents-in-Suit. *See Mobile Telecommunications Technologies, LLC v. Time Warner Cable Inc. et al.,* No. 2:16-cv-00007 (E.D. Tex.); *Mobile Telecommunications Technologies, LLC v. Bright House Networks, LLC,* No. 2:16-cv-00008 (E.D. Tex.); *Mobile Telecommunications Technologies, LLC v. Charter Communications, Inc.,* No. 2:16-cv-00009 (E.D. Tex.); *Mobile Telecommunications Technologies, LLC v. Cox Communications, Inc.*, No. 2:16-cv-00010 (E.D. Tex.); *Mobile Telecommunications Technologies, LLC v. Aruba Networks, Inc. et al.*, No. 2:16-cv-00012 (E.D. Tex.); *Mobile Telecommunications Technologies, LLC v. Brocade Communications Systems, Inc.*, No. 2:16-cv-00013 (E.D. Tex.); *Mobile Telecommunications Technologies, LLC v. Juniper Networks, Inc.*, No. 2:16-cv-00014 (E.D. Tex.).

20. This recent round of litigation is the latest in a series of lawsuits that MTel has brought against, among others, telecommunications providers and mobile device manufacturers concerning one or more of the Patents-in-Suit. *Mobile Telecommunications Technologies, LLC v. Sprint Nextel Corporation*, No. 2:12-cv-00832 (E.D. Tex.) (filed Dec. 31, 2012); *Mobile Telecommunications Technologies, LLC v. Apple Inc.*, No. 2:13-cv-00258 (E.D. Tex.) (filed Apr. 2, 2013); *Mobile Telecommunications Technologies, LLC v. T-Mobile USA, Inc. et al.*, No. 2:13-cv-00886 (E.D. Tex.) (filed Oct. 30, 2013); *Mobile Telecommunications Technologies, LLC v. Leap Wireless International, Inc. et al.*, No. 2:13-cv-00885 (E.D. Tex.) (filed Oct. 30, 2013); *Mobile Telecommunications Technologies, LLC v. AT&T Mobility LLC et al.*, No. 2:14-cv-00897 (E.D. Tex.) (filed Sept. 15, 2014); and *Mobile Telecommunications Technologies, LLC v. Samsung Electronics Co. Ltd. et al.*, No. 2:15-cv-00183 (E.D. Tex) (filed Feb. 9, 2015). Those cases also included allegations that the telecommunication providers and mobile device manufacturers' use, sale, offer for sale, manufacturer, and import of 802.11 a, g, n and/or ac compliant products and services infringed the Patents-in-Suit.

21. The complaints filed by MTel against ARRIS's customers all make similar allegations, alleging infringement based upon these defendants' alleged conduct related to making, using, offering to sell, selling, and use of 802.11 a, g, n, and ac Wi-Fi Enabled CPE and Wi-Fi Access Points. *See e.g.,* Exhibit 4 at ¶¶13, 38 ("MTel alleges that examples of Wi-Fi Enabled CPE that TWC provided to its customers **include models made by ARRIS** … MTel alleges that, during the Relevant Period, TWC directly infringed one or more claims of the '403 Patent by making, using, selling, and offering to sell Wi-Fi Enabled CPE") (emphasis added); *see also id*. at ¶47 ("MTel alleges that TWC directly infringed the '403 Patent by TWC's use and operation of Wi-Fi Enabled Access Points, through which TWC distributed high speed data

service …"); *see also id.* at Exhibit E (identifying nine different ARRIS products as examples of the alleged "Wi-Fi Enabled CPE").

## COUNT I
## Declaratory Judgment of Non-Infringement of the '403 Patent

22. ARRIS incorporates the foregoing paragraphs by reference as though set forth fully herein.

23. No claim of the '403 Patent has been or is infringed, either directly or indirectly, literally or under the doctrine of equivalents, by ARRIS or the purchasers of ARRIS's 802.11 a, g, n, and/or ac compliant products through their manufacture, use, sale, and/or offer for sale of ARRIS products.

24. ARRIS has never manufactured, used, imported, offered for sale and/or sold in the United States any products or services which infringe the '403 Patent. By way of example, the accused 802.11 a, g, n, and/or ac Wi-Fi Enabled CPE and Wi-Fi Enabled Access Points do not include a "plurality of transmitters" or "first" and "second" sets of "transmitters" or "base transmitters" as required by claims of the '403 Patent.

25. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality between MTel and ARRIS to warrant the issuance of a declaratory judgment that ARRIS and the purchasers of any of ARRIS's 802.11 a, g, n, and/or ac compliant products have not infringed, and do not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '403 Patent.

## COUNT II
## Declaratory Judgment of Non-Infringement of the '210 Patent

26. ARRIS incorporates the foregoing paragraphs by reference as though set forth fully herein.

7

27. No claim of the '210 Patent has been or is infringed, either directly or indirectly, literally or under the doctrine of equivalents, by ARRIS or the purchasers of ARRIS's 802.11 a, g, n, and/or ac compliant products through their manufacture, use, sale, and/or offer for sale of ARRIS products.

28. ARRIS has never manufactured, used, imported, offered for sale and/or sold in the United States any products or services which infringe the '210 Patent. By way of example, the accused 802.11 a, g, n, and/or ac Wi-Fi Enabled CPE and Wi-Fi Enabled Access Points do not include "first" and "second" "transmitters" or "first" and "second" "means for transmitting" as required by claims of the '210 Patent. Likewise, the accused 802.11 a, g, n, and/or ac Wi-Fi Enabled CPE and Wi-Fi Enabled Access Points do not operate by transmitting "plurality of carrier signals" as recited in the claims of the '210 Patent.

29. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality between MTel and ARRIS to warrant the issuance of a declaratory judgment that ARRIS and the purchasers of any of ARRIS's 802.11 a, g, n, and/or ac compliant products have not infringed, and do not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '210 Patent.

## COUNT III
### Declaratory Judgment of Non-Infringement of the '891 Patent

30. ARRIS incorporates the foregoing paragraphs by reference as though set forth fully herein.

31. No claim of the '891 Patent has been or is infringed, either directly or indirectly, literally or under the doctrine of equivalents, by ARRIS or the purchasers of ARRIS's 802.11 a, g, n, and/or ac compliant products through their manufacture, use, sale, and/or offer for sale of ARRIS products.

32. ARRIS has never manufactured, used, imported, offered for sale and/or sold in the United States any products or services which infringe the '891 Patent. By way of example, the accused 802.11 a, g, n, and/or ac compliant Wi-Fi Enabled CPE and Wi-Fi Enabled Access Points do not operate by transmitting "paging carriers", "modulated carriers" or using a "plurality of transmitters" as recited in the claims of the '891 Patent. Further, the accused 802.11 a, g, n, and/or ac compliant Wi-Fi Enabled CPE and Wi-Fi Enabled Access Points do not space carriers within a "mask-defined, bandlimited channel" in the manner required by the claims of the '891 Patent.

33. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality between MTel and ARRIS to warrant the issuance of a declaratory judgment that ARRIS and the purchasers of any of ARRIS's 802.11 a, g, n, and/or ac compliant products have not infringed, and do not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '891 Patent.

## PRAYERS FOR RELIEF

WHEREFORE, ARRIS prays for:

a. A declaration that ARRIS and the purchasers of ARRIS's 802.11 a, g, n, and/or ac compliant products have not infringed and are not infringing, either directly or indirectly, any claim of the '403, '210, and '891 Patents;

b. An order that MTel and each of its officers, employees, agents, attorneys, and any persons in active concert or participation with them are restrained and enjoined from further prosecuting or instituting any action against ARRIS or the purchasers of ARRIS's products claiming that the '403, '210, and '891 Patents are infringed or from representing that ARRIS's products or their use in the networks operated by the purchasers of those products infringe the '403, '210, and '891 Patents;

  c. To the extent that ARRIS is the prevailing party and it is determined that this is an exceptional case, a declaration that this case is exceptional and awarding ARRIS its expenses, disbursements, and reasonable attorney's fees under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law;

  d. An award to ARRIS of its costs; and

  e. Such other relief as this Court or a jury may deem proper and just under the circumstances.

## JURY DEMAND

ARRIS demands a trial by jury on all issues so triable.

Dated:  April 13, 2016

OF COUNSEL:
L. Norwood Jameson
Matthew S. Yungwirth
Matthew C. Gaudet
Alison H. Hutton
**DUANE MORRIS LLP**
1075 Peachtree Street, Ste. 2000
Atlanta, Georgia  30309
Telephone:  404.253.6900
Facsimile:  404.253.6900
wjameson@duanemorris.com
msyungwirth@duanemorris.com
mcgaudet@duanemorris.com
ahhutton@duanemorris.com

Joseph A. Powers
PA Bar No. 84590
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone:  215.979.1842
Facsimile:  215.689.3797
japowers@duanemorris.com

Respectfully submitted,

*/s/ Richard L. Renck*
Richard L. Renck (#3893)
**DUANE MORRIS LLP**
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801
Telephone: (302) 657-4900
rlrenck@duanemorris.com

*Counsel for Plaintiff*
*ARRIS Group Inc.*