# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re Mobile Telecommunications Technologies, LLC, | Case No. 16-md-02722-LPS-CJB |
| ARRIS GROUP INC., <br><br> Plaintiff, <br><br> v. <br><br> MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC, <br><br> Defendant. | C.A. No. 16-259-LPS-CJB |
| UBEE INTERACTIVE, INC. <br><br> Plaintiff, <br><br> v. <br><br> MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC, <br><br> Defendant. | C.A. No. 16-260-LPS-CJB |
| BRIGHT HOUSE NETWORKS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC, <br><br> Defendant. | C.A. No. 16-277-LPS-CJB |

Richard L. Renck, DUANE MORRIS LLP, Wilmington, DE
L. Norwood Jameson, Matthew C. Gaudet, Alison H. Hutton, DUANE MORRIS LLP, Atlanta, GA
Joseph A. Powers, DUANE MORRIS LLP, Philadelphia, PA

    Counsel for ARRIS Group Inc. and Ubee Interactive, Inc.


Richard L. Renck, DUANE MORRIS LLP, Wilmington, DE
L. Norwood Jameson, Matthew C. Gaudet, Alison H. Hutton, DUANE MORRIS LLP, Atlanta, GA
Joseph A. Powers, DUANE MORRIS LLP, Philadelphia, PA
Patrick S. Salceda, DUANE MORRIS LLP, Palo Alto, CA
Joshua B. Long, DUANE MORRIS LLP, Houston, TX

    Counsel for Bright House Networks, LLC


Brian E. Farnan, Michael J. Farnan, FARNAN LLP, Wilmington, DE
Henning Schmidt, Daniel R. Scardino, Drew Zerdecki, Kyle Harter, REED & SCARDINO LLP, Austin, TX

    Counsel for Mobile Telecommunications Technologies, LLC.

**MEMORANDUM OPINION**

March 20, 2017
Wilmington, Delaware

*[signature]*

**STARK, U.S. District Judge:**

ARRIS Group Inc. ("ARRIS"), Ubee Interactive, Inc. ("Ubee"), and Bright House Networks, LLC ("BHN") (collectively, "DJ Plaintiffs") filed suits against Mobile Telecommunications Technologies, LLC ("MTel" or "Patentee"). DJ Plaintiffs seek declaratory judgments that neither they nor the purchasers of their products infringe MTel's United States Patent Nos. 5,590,403; 5,915,210; and 5,659,891 (collectively, the "patents-in-suit" or "asserted patents"). (C.A. 16-259 D.I. 1; C.A. 16-260 D.I. 1; C.A. 16-277 D.I. 1) (the "Complaints")

Before the Court are MTel's motions to dismiss or stay for improper venue, pursuant to Federal Rule of Civil Procedure 12(b)(3) and the first-filed rule, or, in the alternative, to transfer ARRIS's and Ubee's actions to the United States District Court for the Eastern District of Texas (the "Eastern District of Texas"), pursuant to 28 U.S.C. § 1404(a). (C.A. No. 16-259 D.I. 14; C.A. No. 16-260 D.I. 14; 16-277 D.I. 17) ("Motions") For the reasons below, the Court will deny MTel's Motions.

## I. BACKGROUND

### A. Procedural History

These cases are three of 14 actions in a multidistrict litigation centralized in the District of Delaware for coordinated or consolidated pretrial proceedings. On January 4, 2016, Patentee MTel filed seven suits in the Eastern District of Texas, each alleging infringement of the three patents-in-suit.[1] The seven actions were consolidated into one lead case on April 11, 2016.

---

[1] The seven cases (and respective defendants) are: C.A. No. 16-692 (Time Warner Cable LLC, Time Warner Cable Enterprises LLC, and Time Warner Cable Texas LLC (collectively, "TWC")); C.A. No. 16-693 (Bright House Networks, LLC ("BHN")); C.A. No. 16-694 (Charter Communications Inc. ("Charter")); C.A. No. 16-695 (Cox Communications, Inc. ("Cox")); C.A. No. 16-696 (Aruba Networks, Inc., Hewlett Packard Enterprise Company, and HP Inc. ("HP"));

1

(C.A. No. 16-692 D.I. 30)

On April 13, 2016, DJ Plaintiffs ARRIS Group Inc. and Ubee Interactive, Inc. filed separate actions against MTel in this Court, each seeking declaratory judgment of non-infringement of the patents-in-suit. (C.A. No. 16-259 D.I. 1; C.A. No. 16-260 D.I. 1) On April 19, 2016, DJ Plaintiff BHN filed a similar declaratory judgment action in this Court. (C.A. No. 16-277 D.I. 1)

On May 3, 2016, MTel filed four additional lawsuits in the Eastern District of Texas against four new defendants, alleging infringement of the same three patents.[2] Three of these cases were consolidated into one lead case on July 21, 2016 (C.A. No. 16-700 D.I. 6), and the fourth was added on July 29, 2016 (*id.* at D.I. 7). (Hereinafter, the Court refers to the 11 actions filed in the Eastern District of Texas as the "Texas Actions" and the defendants in those actions, collectively, as the "Texas Defendants.")

DJ Plaintiffs and the Texas Defendants fall into two general categories. ARRIS, Ubee, Juniper, Ruckus, Aerohive, Brocade, HP, Firetide, and Xirrus are Wi-Fi equipment providers. Cox, BHN, Charter, and TWC are cable network operators.

On August 5, 2016, the Judicial Panel on Multidistrict Litigation ("JPML") determined that centralization of the 14 actions involving MTtel was appropriate, and transferred the cases to this Court for coordinated or consolidated pretrial proceedings. (Case No. 16-md-2722 ("MDL")

---

C.A. No. 16-697 (Brocade Communications Systems, Inc. ("Brocade")); and C.A. No. 16-698 (Juniper Networks, Inc. ("Juniper")).

[2]The four cases (and respective defendants) are: C.A. No. 16-699 (Ruckus Wireless, Inc. ("Ruckus")); C.A. No. 16-700 (Aerohive Networks, Inc. ("Aerohive")); C.A. No. 16-701 (Xirrus, Inc. ("Xirrus")); and C.A. No. 16-702 (Firetide, Inc. ("Firetide")).

2

D.I. 1)

### B.     Patents-in-Suit[3]

The patents-in-suit generally relate to wireless telecommunications. The '403 patent is entitled "Method and System for Efficiently Providing Two Way Communication Between a Central Network and Mobile Unit." The claims of the '403 patent cover methods for wirelessly simulcasting information signals. ('403 patent at 33:11-30, 34:35-62)

The '210 patent is entitled "Method and System for Providing Multicarrier Simulcast Transmission." The claims of the '210 patent cover systems for wirelessly transmitting information via two sets of carrier signals in simulcast. ('210 patent at 33:47-62, 34:44-64, 36:7-24)

The '891 patent is entitled "Multicarrier Techniques in Bandlimited Channels" and claims a system and methods for transmitting wireless signals using specific frequency spacing for carriers in a band-limited channel. ('891 patent at 6:4-44)

### C.     The Instant Actions

#### 1.     The Parties

DJ Plaintiffs ARRIS and Ubee are Wi-Fi equipment providers. (C.A. No. 16-259 D.I. 1 at ¶ 13; C.A. No. 16-260 D.I. 1 at ¶ 13) ARRIS is a Delaware corporation with its principal place of business in Suwanee, Georgia. (C.A. No. 16-259 D.I. 1 at ¶ 1) Ubee is a California corporation with its principal place of business in Centennial, Colorado. (C.A. No. 16-260 at ¶ 1)

---

[3]The patents-in-suit can be found in Exhibits 1, 2, and 3 to the Complaint in C.A. No. 16-259.

3

DJ Plaintiff BHN is a cable operator, serving approximately 2.5 million customers who subscribe to one or more of its video, high-speed data, home security, and automation and voice services. (C.A. No. 16-277 at ¶ 13) BHN is a Delaware limited liability company with its principal place of business in East Syracuse, New York. (*Id.* at ¶ 1)

Patentee Mobile Telecommunications Technologies, LLC is a Delaware limited liability company with a principal place of business in Lewisville, Texas. (*Id.* at ¶ 2)

### 2. MTel's Motions

MTel's pending Motions arise out of DJ Plaintiffs' declaratory judgment actions against MTel. ARRIS's and Ubee's Complaints allege that "MTel's infringement allegations . . . are directed at the design and operation of the accused [IEEE] 802.11 a, g, n, and ac standard compliant Wi-Fi products" offered by ARRIS and Ubee. (C.A. No. 16-259 D.I. 1 at ¶ 5; C.A. No. 16-260 D.I. 1 at ¶ 5) They further allege that in the Texas Actions, the MTel complaints "specifically mention [ARRIS and Ubee] products as 'examples' of the allegedly infringing [equipment] provided by [ARRIS's and Ubee's] customers which directly infringe the Patents-in-Suit." (C.A. No. 16-259 D.I. 1 at ¶ 6; C.A. No. 16-260 D.I. 1 at ¶ 6) ARRIS and Ubee seek judgments declaring that they, and the purchasers of their 802.11 a, g, n, and/or ac products, "have not infringed, and do not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim" of the asserted patents. (C.A. No. 16-259 D.I. 1 at ¶¶ 25, 29, 33; C.A. No. 16-260 D.I. 1 at ¶¶ 25, 29, 33)

BHN's Complaint alleges that "MTel lodged . . . a lawsuit against BHN in the Eastern District of Texas on January 4, 2016 . . . . based on BHN's alleged manufacture, use, sale, and offer for sale of customer-premises equipment." (C.A. No. 16-277 D.I. 1 at ¶¶ 4-5) BHN

allegedly brought its declaratory judgment action "because there is an actual justiciable controversy between it and MTel based on the allegations of infringement against BHN made in the Texas Action and because Delaware, unlike Texas, is the appropriate forum to determine issues of infringement with respect to BHN." (*Id.* at ¶ 7) BHN seeks a judgment declaring that its "alleged use, sale, and/or offer for sale of Wi-Fi Enabled CPE, Wi-Fi Enabled Access Points, MIMO Microwave Equipment, and associated products and services have not infringed, and do not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim" of the asserted patents. (*Id.* at ¶¶ 24, 28, 32)

MTel filed its Motions in the ARRIS and Ubee actions on May 19, 2016, seeking dismissal or a stay under Rule 12(b)(3) and the first-filed rule, or, in the alternative, transfer of these actions to the Eastern District of Texas, under Section 1404(a). (C.A. No. 16-259 D.I. 14; C.A. No. 16-260 D.I. 14) It filed its Motion in the BHN action on May 26, 2016, seeking dismissal or a stay under Rule 12(b)(3). (C.A. No. 16-277 D.I. 17) The Court heard oral argument on MTel's Motions on October 26, 2016. (*See* MDL D.I. 71) ("Tr.")

## II.   LEGAL STANDARDS

### A.   Motion to Dismiss or Stay Under Rule 12(b)(3)

A court may dismiss a lawsuit for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). The court must determine whether venue is proper in accordance with the appropriate statutes. *See, e.g., Delta Sys., Inc. v. Indak Mfg. Corp.*, 4 F. App'x 857, 859 (Fed. Cir. 2001); *Albright v. W.L. Gore & Assocs., Inc.*, 2002 WL 1765340, at *3 (D. Del. July 31, 2002). Venue generally must be established for each separate claim in a complaint. *See Stein v. Chemtex Int'l, Inc.*, 2004 WL 722252, at *1 (D. Del. Mar. 31, 2004); *see also* 14D WRIGHT &

5

MILLER, FEDERAL PRACTICE AND PROCEDURE § 3808 (4th ed. 2017). The moving party has the burden of proving that venue is improper. *See Stein*, 2004 WL 722252, at *1.

Pursuant to 28 U.S.C. § 1406, where venue is improper, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

### B. The First-Filed Rule

The first-filed (or "first-to-file") rule provides that "[i]n all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it." *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929 (3d Cir. 1941). It applies to "mirror-image litigation that, if resulting in two conflicting judgments, may require separate appeals." *Nexans Inc. v. Belden Inc.*, 966 F. Supp. 2d 396, 403 (D. Del. 2013) (internal citations omitted). Thus, it will apply if the relevant actions are "identical or nearly identical." *In re Telebrands Corp.*, 824 F.3d 982, 985 (Fed. Cir. 2016). "If applied, the [first-filed] rule counsels that a later-filed action involving the same controversy should be dismissed, transferred, or stayed in favor of the first-filed action." *Nexans*, 966 F. Supp. 2d at 403 (citing *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir.1993), *abrogated on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995)).

In patent cases, application of the first-filed rule is governed by Federal Circuit law. *See Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1345-46 (Fed. Cir. 2005); *see also Abbott Labs. v. Roxane Labs., Inc.*, 2013 WL 2322770, at *14 n.13 (D. Del. May 28, 2013). The Federal Circuit applies the general rule favoring the forum of the first-filed case "unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise." *Genentech*, 998 F.2d at 937.

6

### C. Motion to Transfer under 28 U.S.C. § 1404(a)

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district where the action might have been brought, for the convenience of the parties and witnesses and in the interests of justice. Congress intended through Section 1404 to place discretion in the district court to adjudicate motions to transfer according to an individualized, case-by-case consideration of convenience and the interests of justice. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 208 (D. Del. 1998).

"Unless the balance is strongly in favor of a transfer, the plaintiff's choice of forum should prevail." *ADE Corp. v. KLA–Tencor Corp.*, 138 F. Supp. 2d 565, 567-68 (D. Del. 2001); *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970). The deference afforded a plaintiff's choice of forum will ordinarily apply as long as a plaintiff has selected the forum for some legitimate reason. *See, e.g., Medtronic, Inc. v. Boston Scientific Corp.*, 587 F. Supp. 2d 648, 654 (D. Del. 2008); *Cypress Semiconductor Corp. v. Integrated Circuit Sys., Inc.*, 2001 WL 1617186, at *2 (D. Del. Nov. 28, 2001).

Although "there is no definitive formula or list of factors" to consider in assessing whether to transfer, typically a series of private and public interests are evaluated. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1994). The private interests include: (1) plaintiff's forum preference as manifested in the original choice; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) location

of books and records (similarly limited to the extent that the files could not be produced in the alternative forum). *See id.* The public interests include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *See id.*

## III. DISCUSSION

### A. ARRIS Action[4]

The Court will first address whether venue is proper under Rule 12(b)(3) and whether the first-filed rule is applicable, before proceeding to the analysis of whether transfer is appropriate under Section 1404(a).[5]

#### 1. Rule 12(b)(3)

In deciding MTel's motion to dismiss the ARRIS action under Rule 12(b)(3), the Court turns to the applicable statute on venue. Under 28 U.S.C. § 1391(b)(1),[6] a civil action may be

---

[4]Docket citations in this subsection will be to C.A. No. 16-259, unless otherwise specified.

[5]The parties dispute whether the first-filed rule can be enforced through a motion to dismiss under Rule 12(b)(3). (*See* D.I. 19 at 8; D.I. 20 at 2; Tr. at 131-32) The Court need not resolve this question, as its answer could not alter the Court's disposition of MTel's Motions. The Court will address Rule 12(b)(3) and the first-filed rule separately for the purposes of resolving the pending Motions.

[6]While 28 U.S.C. § 1400(b) governs venue in patent infringement actions, venue in an action seeking a declaratory judgment of non-infringement is governed by 28 U.S.C. § 1391. *See VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1583 (Fed. Cir. 1990) ("It has long been held that a declaratory judgment action alleging that a patent is invalid and not infringed – the mirror image of a suit for patent infringement – is governed by the general venue statutes, not by § 1400(b)."); *Vikoma Int'l, Ltd. v. Oil Stop, Inc.*, 1993 WL 14647, at *4 n.8 (D.

8

brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." Here, ARRIS filed its Complaint in the District in which MTel is organized and exists as a legal entity and, therefore, resides. *See* 28 U.S.C. § 1391(c)(2). Hence, venue is proper.

### 2. First-Filed Rule

MTel argues that ARRIS's lawsuit involves the same subject matter as MTel's earlier-filed suits against the Texas Defendants and, therefore, should be dismissed. (D.I. 17 at 9) MTel asserts that the subject matter of ARRIS's complaint "is identical to the Texas [Action]," noting that the exhibits to the complaint here "are the exact exemplary accused product lists MTel filed in the Texas [Action]." (*Id.*)

ARRIS responds that "the instant Action is the only lawsuit between MTel and ARRIS." (D.I. 19 at 8) As ARRIS correctly states, "the absence of an identity of parties is a factor to be considered in deciding whether to allow concurrent litigation to proceed." (*Id.* at 9 (citing cases)) Still, the primary focus of the analysis is on whether the issues in the current matter "concern the same set of facts" as in the first-filed action. *Time Warner Cable, Inc. v. GPNE Corp.*, 497 F. Supp. 2d 584, 589 (D. Del. 2007) (internal quotation marks omitted). Here, while the same patents are asserted in the Texas Action and the instant action, the scope of the instant action is potentially much broader than that of the Texas Action. As ARRIS notes, "the Texas actions against the ARRIS customers involve only 11 ARRIS products that are accused of infringement." (D.I. 19 at 9) ARRIS's complaint in this action, by contrast, seeks a judgment related to "any of ARRIS's 802.11 a, g, n, and/or ac compliant products." (D.I. 1 at ¶¶ 25, 29, 33) During the

---

Del. Jan. 14, 1993).

relevant time, "ARRIS sold more than 150 Wi-Fi products" that could be implicated by MTel's infringement theories. (D.I. 19, Ex. 1 at ¶5)[7] Hence, if the Texas Actions were resolved, there would still remain other products at issue in the case filed here. This reality supports a conclusion that the first-filed rule does not apply. (*See* Tr. at 132) (DJ Plaintiffs' counsel stating that "there [are] 140 other products that are at issue here that are not at issue in Texas") *See also Grider v. Keystone Health Plan Cent., Inc.*, 500 F.3d 322, 330 (3d Cir. 2007) (stating that one fundamental issue relating to whether first-filed rule applies is whether "the issues have such an identity that a determination in one action leaves little or nothing to be determined in the other") (internal quotation marks and citation omitted).

In sum, this action and the first-filed actions in Texas involve some overlapping issues. But given the facts that ARRIS is not a party to the earlier Texas Actions *and* that this case has a much broader scope, the cases are sufficiently different such that the first-filed rule does not apply.

### 3. Transfer under Section 1404

As the moving party, MTel bears the burden of demonstrating that the balance of convenience is strongly in favor of transfer to the Eastern District of Texas. The Court finds that

---

[7]The Court does not agree with MTel's assertion that considering as part of the analysis the products that are *not* at issue in the Texas Actions will "render the first-to-file rule obsolete in patent/[declaratory judgment] cases." (D.I. 20 at 6) The Court's consideration of these products does not, as MTel suggests, dictate that the first-filed rule "would apply only if a customer purchases the full offering of the manufacturer's products." (*Id.*) Rather, the Court holds that when a declaratory judgment defendant/patentee has specifically identified certain product characteristics as infringing, but has put at issue (in suits against a declaratory judgment plaintiff/supplier's customers) only a subset of products sharing that allegedly infringing feature, the declaratory judgment plaintiff may rely on the full set of its implicated products in attempting to demonstrate the differences between two lawsuits.

MTel has not made such a showing. To the contrary, the balance of the applicable factors weighs in favor of maintaining this case in the District of Delaware.

### a. Private Interest Factors

ARRIS's choice of forum is the District of Delaware, where MTel resides, while MTel prefers the Eastern District of Texas. MTel's suggestion that ARRIS's choice of Delaware somehow constitutes improper forum-shopping (D.I. 17 at 14; D.I. 20 at 8) is unavailing. Both ARRIS and MTel are Delaware companies, making Delaware a predictable and legitimate venue for litigation between them. *See Trustco Bank v. Automated Transactions LLC*, 933 F. Supp. 2d 668, 671-72 (D. Del. 2013); *Boston Scientific v. Johnson & Johnson Inc.*, 532 F. Supp. 2d 648, 655 (D. Del. 2008). Because ARRIS's choice of forum is "legitimate and rational, it is entitled to substantial weight in the analysis, even if Delaware is not its 'home turf.'" *TSMC Tech., Inc. v. Zond, LLC*, 2015 WL 328334, at *1 (D. Del. Jan. 26, 2015). Moreover, a plaintiff's "home turf" may include its state of incorporation, which here is Delaware. *See, e.g., Intellectual Ventures I LLC v. Altera Corp.*, 842 F. Supp. 2d 744, 755 (D. Del. 2012). At any rate, MTel's preference is not given the same weight as ARRIS's, and, therefore, consideration of the first two private interest factors cuts against transfer.

Under *Jumara*, the Court also considers where the claims arose. While MTel alleges that "the accused [ARRIS] products are used in Texas" and that it "is unaware that the accused [ARRIS] products are also used in Delaware" (D.I. 17 at 14), this does not weigh in favor of transfer. ARRIS sells products throughout the United States, and its other activities that could potentially give rise to infringement liability – research, development, and engineering related to Wi-Fi products – take place in Georgia, Pennsylvania, and California. (D.I. 19 at 15-16 & Ex. 1

11

at ¶ 3) At best, from MTel's perspective, this factor is neutral.

MTel makes no arguments concerning the remaining private interest factors, which relate to the convenience of the parties and witnesses and the location of books and records. Therefore, these factors are of no aid to MTel's efforts to meet its heavy burden. Thus, the Court finds that the private interest factors, on balance, weigh against transfer.

### b. Public Interest Factors

Before the consolidation of this multidistrict litigation in this District, the public interest factors may have weighed in favor of transfer. The Eastern District of Texas was presiding over a series of cases presenting numerous questions of fact common to those at issue here. Additionally, as MTel points out, the Eastern District of Texas "has presided over other cases involving the same patents, including multiple *Markman* hearings and trials." (D.I. 17 at 14; *see also* Tr. at 144) Transferring the instant action to the Eastern District of Texas under those circumstances may have provided the kind of practical advantage and judicial efficiency that this Court has at times found sufficient to warrant transfer. *See, e.g., In re Marshall*, 2015 WL 849302, at *3 (D. Del. Feb. 25, 2015); *Constant Contact Inc. v. Umbanet Inc.*, 2014 WL 975734, at *4 (D. Del. Mar. 12, 2014); *Human Genome Scis., Inc. v. Genentech, Inc.*, 2011 WL 2911797, at *11 (D. Del. July 18, 2011).

However, in light of the consolidation of all 14 actions in an MDL pending in the District of Delaware, the practical considerations that may formerly have militated in favor of transfer no longer do so. The JPML has decided that centralization of these cases in the District of Delaware "will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation." (D.I. 23) MTel provides no basis for this Court to second-guess that

12

assessment. To the contrary, it would be entirely inefficient for the Court to grant MTel's request for transfer, as thereafter this case – like the Texas Actions – would be transferred (back) to Delaware for pretrial proceedings. (*See* Tr. at 125) (MTel counsel conceding that "transferring [the declaratory judgment actions] to Texas would only be transferring them for the purposes of trial as long as the MDL is going on") Additionally, this Court has now gained some familiarity with the technology of the patents-in-suit and the issues presented in this case and will continue to do so as it presides over the MDL.[8]

In light of these circumstances, the public interest factors weigh against transfer.

### 4. Conclusion

Because Rule 12(b)(3) and the first-filed rule do not constitute a sufficient basis to dismiss or stay the case, and because MTel has not demonstrated that the *Jumara* factors heavily weigh in favor of transfer under Section 1404(a), the Court will deny MTel's Motion as to ARRIS.

### B. Ubee Action[9]

MTel's Motion as to Ubee arises under a substantially similar set of facts as its Motion as to ARRIS. In fact, the briefing on the Motions in the two cases is identical, save for a few sentences. None of the differences justifies a different result.

---

[8] While ordinarily the Court is not to give weight in a transfer analysis to facts arising after the filing of the motion, *see In re EMC Corp.*, 501 F. App'x 973, 976 (Fed. Cir. 2013), here the post-motion creation of the MDL so strongly pushes the public interest against transfer that it would be inappropriate to ignore it. Moreover, the *Jumara* factors are "merely illustrative, not exhaustive," *Schering Corp. v. Amgen Inc.*, 969 F. Supp. 258, 262 (D. Del. 1997), and here the MDL is a factor that the Court feels compelled to consider as part of the transfer analysis.

[9] Docket citations in this subsection will be to C.A. No. 16-260, unless otherwise specified.

13

With regard to MTel's first-filed argument, MTel's case is slightly stronger in the Ubee action. ARRIS, as discussed above, may have 150 products at issue in its action compared to the 11 accused ARRIS products in the Texas lawsuits. The scope of Ubee's declaratory judgment action is not so broad. In the Texas lawsuits, eight Ubee products are accused of infringement (D.I. 1 Exs. 4-7, each at Ex. E), compared to the "more than a dozen other Wi-Fi products" Ubee sells that "are compatible with the 802.11 standard amendments at issue" and, thus, potentially implicated in its declaratory judgment actions. (D.I. 19 at 10; Declaration of Alison H. Hutton at ¶ 2, Ex. A) While the disparity between the scope of the Texas and Delaware actions is not nearly as great with respect to Ubee as it was with respect to ARRIS, the Court nonetheless concludes that the first-filed rule does not apply, as the differences in parties and products cut against the rule's applicability.

Similarly, the case for a transfer under Section 1404(a) is marginally stronger in the Ubee action, but not strong enough to warrant a different result. Unlike ARRIS, Ubee is not incorporated in Delaware, but in California, and its principal place of business is in Colorado. Still, because MTel is an LLC organized under Delaware law, this District is a legitimate and predictable choice of forum for Ubee's action. Even assuming the weight given to Ubee's choice of Delaware as its preferred forum is less than is accorded to ARRIS's choice of Delaware, the analysis of all of the other factors is identical. Consequently, MTel has failed to meet its heavy burden to show that the Ubee action should be transferred to the Eastern District of Texas.

Thus, the Court will deny MTel's Motion as to Ubee as well.

C.   **BHN Action**[10]

Unlike ARRIS and Ubee, BHN is one of the Texas Defendants. (*See* C.A. No. 16-693) As such, MTel does not seek transfer of BHN's declaratory judgment action; rather, it seeks dismissal or a stay solely on the basis that the Texas Action was first-filed, rendering this District an improper venue. (D.I. 17, 18, 21)

BHN asserts that it is not subject to personal jurisdiction in Texas, and has filed a motion to dismiss the Texas Action on that ground. (C.A. No. 16-693 D.I. 20) By separate Opinion and Order, the Court has granted BHN's motion to dismiss for lack of personal jurisdiction. Accordingly, there is no "first-filed" case in Texas, and MTel's Motion as to BHN must be denied. *See generally Jefferson Ward Stores, Inc. v. Doody Co.*, 560 F. Supp. 35, 36 (E.D. Pa. 1983) (denying motion to transfer or dismiss based on first-filed rule where court presiding over first-filed action had "not yet assumed jurisdiction of the controversy and there [was] a significant possibility that *in personam* jurisdiction over neither [defendant] exist[ed]").

**IV.   CONCLUSION**

For the foregoing reasons, the Court will deny MTel's Motions. An appropriate Order follows.

---

[10]Docket citations in this subsection will be to C.A. No. 16-277, unless otherwise specified.

15